# Exhibit A

E-FILED; Baltimore City Circuit Court
Docket: 7/2/2026 3:00 PM; Submission: 7/2/2026 3:00 PM
Envelope: 27190206

IN THE CIRCUIT COURT FOR
BALTIMORE CITY, MARYLAND

**ELEANOR COLMERS COWAN**
2431 Eastern Avenue
Baltimore, Maryland 21224
individually and on behalf of all others similarly situated,

Plaintiff,

v.

**SHARKNINJA OPERATING LLC d/b/a SHARKNINJA and SHARK BEAUTY**
89 A Street
Needham, Massachusetts 02494

Service through:
C T Corporation System
155 Federal Street, Suite 700
Boston, Massachusetts 02110

Defendant.

Case No.

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

C-24-CV-26-004626

## I. INTRODUCTION

1. This is a putative class action under Maryland law brought to address deceptive and unlawful commercial email marketing directed to Maryland consumers. Maryland's Commercial Electronic Mail statute prohibits the transmission of commercial electronic mail to an email address the sender knows or should know is held by a Maryland resident when the subject line contains false or misleading information with the capacity, tendency, or effect of deceiving the recipient, including under Md. Code Ann., Com. Law § 14-3002(b)(2)(iii).

2. Defendant SharkNinja Operating LLC does business as SharkNinja and Shark Beauty. Defendant markets and sells Shark, Shark Beauty, and Ninja products, including hair dryers, hair stylers, skincare devices, vacuums, air-care products, kitchen appliances, outdoor products, and related consumer goods through SharkNinja.com and related marketing channels.

3. Defendant markets its products by sending promotional emails to consumers, including Maryland consumers. These emails often promote holiday sales, sitewide sales, Memorial Day promotions, Shark Beauty promotions, percentage-off discounts, email-exclusive offers, limited-time promotions, and other commercial offers in the subject line.

4. Several of Defendant's subject lines were false and misleading because they represented that sales were ending, expiring, in their final hours, available only that night, available only for a short time, or otherwise time-limited, when the same or materially similar sales were later extended, continued, reinstated, or materially replicated after the stated deadline.

5. There is nothing unlawful about a legitimate sale or a legitimate extension of a sale. But when a business tells consumers in email subject lines that a sale is ending, in its final hours, available only that night, or available only for a limited period, and then continues or extends the sale, the business creates false urgency and misleads recipients about the true terms of the promotion.

6. False urgency is material to consumers. Recipients who believe a sale is about to end are more likely to open the email, visit the seller's website, purchase immediately, and forego waiting, comparison shopping, or ignoring the promotional message.

7. Plaintiff Eleanor Colmers Cowan is a Maryland citizen domiciled in Baltimore City who began receiving Defendant's Shark Beauty and SharkNinja commercial email marketing on or about 2023 and received Defendant's deceptive commercial email advertisements while in Maryland. Plaintiff brings this action on behalf of herself and similarly situated Maryland recipients of Defendant's misleading commercial emails.

## II. PARTIES

8. Plaintiff Eleanor Colmers Cowan is a citizen of Maryland. She resides and is domiciled in Baltimore City, Maryland.

9. At relevant times, Plaintiff was physically located in Maryland when she received the commercial emails at issue in this case.

10. Plaintiff purchased a Shark Beauty product through Amazon in or around 2023. Plaintiff did not purchase directly from Defendant or through Defendant's website. Plaintiff began receiving Shark Beauty and SharkNinja promotional emails on or about 2023, including the 2023, 2024, and 2025 emails identified below. Plaintiff received and retained the representative emails identified below natively in the same email inbox while she was physically located in Maryland.

11. Plaintiff did not purchase directly from Defendant, create a SharkNinja or Shark Beauty online account, register a SharkNinja or Shark Beauty product or warranty, download or use a SharkNinja or Shark Beauty app, sign up for Defendant's texts/SMS, contact customer support through a SharkNinja account, submit reviews or user-generated content, enter a sweepstakes, complete a quiz, or knowingly click to accept Defendant's online terms. Plaintiff is not aware of having checked any box or clicked any button expressly agreeing to Defendant's Terms and Conditions, arbitration agreement, or class-action waiver. Plaintiff is not aware of having agreed to any arbitration agreement or class-action waiver with Defendant.

12. Defendant SharkNinja Operating LLC is, on information and belief, a Delaware limited liability company with its principal office at 89 A Street, Needham, Massachusetts 02494. Defendant does business as SharkNinja and Shark Beauty and operates, controls, directs, or is responsible for the SharkNinja and Shark Beauty brands, the website www.sharkninja.com, the sender domain us.e.sharkninja.com, and the SharkNinja and Shark Beauty commercial email marketing program.

13. Defendant uses SharkNinja, Shark, Shark Beauty, Ninja, SharkNinja.com, sharkninja@us.e.sharkninja.com, and related digital marketing channels to market and sell Shark, Shark Beauty, and Ninja products to consumers throughout the United States, including Maryland consumers.

14. Defendant is not registered to do business in Maryland and has no known Maryland resident agent.

15. Defendant sent, authorized, controlled, directed, benefited from, or caused to be sent the commercial electronic mail messages at issue in this case.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this civil action under Maryland law and the Maryland Rules governing class actions.

17. This Court has personal jurisdiction over Defendant because Defendant purposefully transacts business in Maryland, markets and sells products to Maryland consumers, operates an e-commerce website available to Maryland consumers, and sent or caused to be sent commercial electronic mail messages to email addresses held by Maryland residents.

18. The claims in this action arise from Defendant's purposeful marketing activities directed to Maryland residents, including Plaintiff and members of the proposed class.

19. Venue is proper in Baltimore City because Plaintiff is domiciled in Baltimore City, Defendant conducts regular business in Maryland including by marketing and selling products to Maryland consumers, and Defendant sent or caused to be sent the commercial electronic mail

messages at issue to Plaintiff while she was in Baltimore City, Maryland. Defendant has no known principal place of business in Maryland and is not known to maintain a registered resident agent in Maryland.

## IV. FACTUAL ALLEGATIONS

### A. <u>Defendant's Email Marketing</u>

20. Defendant sells Shark, Shark Beauty, and Ninja products directly to consumers through its website, www.sharkninja.com, and related marketing channels.

21. Defendant's marketing includes commercial electronic mail messages to consumers who are on the SharkNinja, Shark, Shark Beauty, or Ninja email marketing list.

22. Defendant uses email subject lines to advertise discounts, sales, limited-time offers, sitewide sales, holiday promotions, Memorial Day promotions, Shark Beauty promotions, hair-styler discounts, email-exclusive deals, percentage-off offers, and other commercial offers.

23. The subject line of a marketing email is important. A subject line is designed to induce the recipient to open the email, engage with the marketing message, visit the seller's website, and make a purchase.

24. Defendant controls its promotional calendar, the content of its email subject lines, the timing of its email campaigns, the scope of its email-exclusive deals, and the decision whether to extend, reinstate, continue, or replace a promotional offer.

25. Defendant knew, or should have known, whether its advertised promotions were actually ending when represented in the subject lines of its emails.

26. The representative emails identify the sender as SharkNinja, use the sender address sharkninja@us.e.sharkninja.com, and identify SharkNinja with an address at 89 A Street, Needham, Massachusetts 02494.

27. The footer of representative emails states that promotions are valid on sharkninja.com through stated dates and times, while supplies last, and that SharkNinja reserves the right to cancel or modify offers at any time. That language supports the inference that

Defendant controlled the duration, continuation, extension, cancellation, or modification of the promotions advertised in the challenged subject lines.

28. Fine-print footer language stating that Defendant reserved rights to cancel or modify offers did not cure the false or misleading subject lines. Maryland's Commercial Electronic Mail statute regulates false or misleading information in the subject line itself, and reasonable recipients were not required to open the email and parse footer disclaimers to learn that supposedly expiring promotions could be altered, extended, continued, or reinstated.

**B. Defendant's False and Misleading Subject Lines**

29. Defendant sent commercial emails with subject lines representing that promotions were almost over, ending soon, ending that night, in their final hours, available only for a short period, or otherwise time-limited.

30. Defendant then sent additional commercial emails extending, continuing, reinstating, or materially replicating the same or materially similar promotions shortly after the supposedly expiring promotions were represented to be ending.

31. The following emails are representative examples of Defendant's challenged email marketing, including emails received and retained natively by Plaintiff. They are not exhaustive.

| Campaign | Date | Subject Line / Related Preview Text |
|---|---|---|
| December 2025 holiday / Shark Beauty sale | Dec. 5, 2025 | Gift more, save more--up to 20% OFF. |
| December 2025 holiday / Shark Beauty sale | Dec. 7, 2025 | ALMOST OVER: Up to 20% off. |
| December 2025 holiday / Shark Beauty sale | Dec. 8, 2025 | ENDS TONIGHT: Up to 20% off + email-exclusive deals. |
| December 2025 holiday / Shark Beauty sale | Dec. 8, 2025 | Ending soon: Your email-exclusive deals. |
| December 2025 holiday / Shark Beauty sale | Dec. 9, 2025 | EXTENDED! Up to 20% off hair stylers. |
| December 2025 holiday / Shark Beauty sale | Dec. 9, 2025 | EXTENDED! Up to 20% off is still on. |
| May 2024 Memorial Day sale | May 22, 2024 | Memorial Day Sale--Up to 30% off. |
| May 2024 Memorial Day sale | May 25, 2024 | DON'T WAIT--Up to 30% off + EXTRA 10% off. |

| | | |
|---|---|---|
| May 2024 Memorial Day sale | May 28, 2024 | FINAL HOURS: Memorial Day Sale ends tonight. |
| May 2024 Memorial Day sale | May 29, 2024 | Memorial Day Sale extended! |
| December 2023 holiday sale | Dec. 15, 2023 | Don't miss up to 50% off presents. / Preview text: Sale ends tonight. Hurry! |
| December 2023 holiday sale | Dec. 16, 2023 | Last Chance Sale EXTENDED! |
| October 2023 sitewide sale | Oct. 12, 2023 | Don't miss up to $55 off! / Preview text: Sitewide Sale ends tomorrow. |
| October 2023 sitewide sale | Oct. 14, 2023 | Sitewide Sale extended! / Preview text: Save up to $55 through 10/16. |

32. For example, on December 8, 2025, Defendant sent Plaintiff an email with the subject line, "ENDS TONIGHT: Up to 20% off + email-exclusive deals." Defendant also sent Plaintiff another email that day with the subject line, "Ending soon: Your email-exclusive deals." Reasonable recipients would understand those subject lines to mean that the advertised up-to-20%-off promotion and email-exclusive deals were ending that day or ending soon.

33. But on December 9, 2025, Defendant sent Plaintiff emails with the subject lines, "EXTENDED! Up to 20% off hair stylers." and "EXTENDED! Up to 20% off is still on." Thus, the same or materially similar up-to-20%-off offers were not ending on December 8, 2025 as represented. Instead, Defendant extended or continued the same or materially similar offers after representing that they were ending that night or ending soon.

34. Defendant used the same false-urgency pattern for its May 2024 Memorial Day promotion. On May 28, 2024, Defendant sent Plaintiff an email with the subject line, "FINAL HOURS: Memorial Day Sale ends tonight." Reasonable recipients would understand this subject line to mean that the Memorial Day Sale was ending that night.

35. But on May 29, 2024, Defendant sent Plaintiff another email with the subject line, "Memorial Day Sale extended!" Thus, the Memorial Day Sale did not end on May 28, 2024 as represented. Instead, Defendant extended or continued the same or materially similar promotion after representing that it was in its final hours and ending that night.

36. Defendant also used similar urgency and extension language in its December 2023 holiday sale and October 2023 sitewide sale. Those emails represented, in subject lines, preview text, or related promotional context, that sales were ending or approaching stated deadlines, and then shortly afterward stated that the same or materially similar sales had been extended.

37. These examples demonstrate Defendant's practice of using commercial email subject lines to create false urgency by telling recipients that promotions were almost over, ending soon, ending that night, in their final hours, or otherwise time-limited, and then extending or continuing the same or materially similar promotions after the stated deadlines.

38. Reasonable recipients of these emails would believe that, if they did not act before the advertised deadline, the promotion would end and they would lose the opportunity to receive the advertised discount or offer.

39. Defendant's subject lines were false or misleading because the same or materially similar promotions were extended, continued, reinstated, or materially replicated shortly after the stated deadlines.

40. Defendant's "ALMOST OVER," "ENDS TONIGHT," "Ending soon," "FINAL HOURS," "EXTENDED," "Sale extended," and similar subject lines were not isolated mistakes or one-off extensions. They were part of recurring promotional campaigns that used urgency language to increase email opens, website traffic, and purchases.

41. On information and belief, based on the repeated timing of Defendant's campaigns, Defendant's use of "EXTENDED," "Sale extended," and similar extension language, the footer reservation that offers could be canceled or modified at any time, and Defendant's control over its promotional calendar, Defendant planned, approved, authorized, reasonably anticipated, or at minimum lacked a reasonable basis to rule out that the same or materially similar promotions would be extended, continued, reinstated, or materially replicated shortly after the stated deadlines.

42. At minimum, Defendant lacked a reasonable basis to represent in the challenged subject lines that the advertised promotions were genuinely ending, expiring, in their final hours,

or ending that night when Defendant controlled the promotional calendar and then extended, continued, reinstated, or materially replicated the promotions shortly after the stated deadlines.

43. Defendant's use of "EXTENDED," "Sale extended," and similar language in later subject lines supports the inference that the later offers were not meaningfully new or unrelated promotions, but continuations, extensions, reinstatements, or material replications of the same or materially similar offers Defendant had just represented were ending.

44. The repeated pattern across Defendant's 2023, 2024, and 2025 campaigns supports the inference that Defendant's stated deadlines were marketing devices rather than genuine limitations on the advertised offers.

### C. <u>Defendant Knew or Should Have Known the Emails Were Sent to Maryland Residents</u>

45. Defendant knew or should have known that the commercial emails at issue were sent to email addresses held by Maryland residents, including Plaintiff and members of the proposed class.

46. Defendant collects and maintains customer and marketing information, including names, email addresses, shipping addresses, billing addresses, purchase history, account information, product-registration information, marketing preferences, product interests, and information concerning consumers' interactions with Defendant's website and marketing emails.

47. The footer of representative emails states that the message was sent to the recipient and provides a manage-preferences link, privacy-policy link, and unsubscribe link. Defendant therefore maintained information associating Plaintiff's email address with its marketing program.

48. For consumers who purchase products, create accounts, register products, join marketing programs, use Defendant's website, interact with Defendant's emails, or otherwise engage with Defendant's marketing, Defendant can associate email addresses with location information, including state-level location information.

49. On information and belief, Defendant also uses standard e-commerce and email-marketing tools, including cookies, pixels, tags, analytics, device identifiers, IP addresses, time-zone information, customer databases, email service providers, and similar technologies that can identify or approximate a recipient's location, including whether the recipient is located in Maryland.

50. Defendant benefits from identifying where its customers and email recipients are located because location information helps Defendant market, advertise, ship, tax, personalize, analyze, and measure its commercial activities.

51. Defendant therefore knew or should have known that the emails at issue were being sent to email addresses held by Maryland residents, including Plaintiff and members of the proposed class.

**D. <u>Plaintiff Eleanor Colmers Cowan</u>**

52. Plaintiff Eleanor Colmers Cowan is a Maryland citizen residing and domiciled in Baltimore City, Maryland.

53. Plaintiff received Defendant's commercial electronic mail messages at issue in this case while she was in Maryland.

54. Plaintiff purchased a Shark Beauty product through Amazon in or around 2023. Plaintiff did not purchase directly from Defendant or through Defendant's website. Plaintiff began receiving Shark Beauty and SharkNinja promotional emails on or about 2023, including the representative 2023, 2024, and 2025 emails identified above, and retained those emails natively in the same email inbox while she was physically located in Maryland.

55. The emails Plaintiff received advertised Defendant's goods for sale and were commercial electronic mail messages under Maryland law.

56. The subject lines of the emails Plaintiff received contained false or misleading information with the capacity, tendency, or effect of deceiving recipients because they represented that promotions were almost over, ending soon, ending that night, in their final hours, or otherwise

time-limited when those promotions were later extended, continued, reinstated, or materially replicated.

57. Plaintiff did not purchase directly from Defendant, create a SharkNinja or Shark Beauty online account, register a SharkNinja or Shark Beauty product or warranty, download or use a SharkNinja or Shark Beauty app, sign up for Defendant's texts/SMS, contact customer support through a SharkNinja account, submit reviews or user-generated content, enter a sweepstakes, complete a quiz, or knowingly click to accept Defendant's online terms. Plaintiff is not aware of having checked any box or clicked any button expressly agreeing to Defendant's Terms and Conditions, arbitration agreement, or class-action waiver. Plaintiff is not aware of any arbitration agreement or class-action waiver between Plaintiff and Defendant.

## V. CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action pursuant to Maryland Rule 2-231 on behalf of herself and the following class:

59. All persons in Maryland who, within three years before the filing of this action through the date of class notice, received one or more commercial electronic mail messages from Defendant, SharkNinja Operating LLC, SharkNinja, Shark Beauty, Shark, Ninja, SharkNinja.com, us.e.sharkninja.com, sharkninja@us.e.sharkninja.com, and/or any related SharkNinja sender, with a subject line stating or implying that a sale, discount, promotion, holiday sale, Memorial Day sale, sitewide sale, Shark Beauty promotion, email-exclusive offer, percentage-off offer, hair-styler offer, or similar commercial offer was ending, expiring, in its final hours, ending that night, ending soon, almost over, available only through a stated deadline, or otherwise time-limited, when the same or materially similar offer was extended, continued, reinstated, or materially replicated shortly after the stated deadline.

60. Excluded from the Class are Defendant; Defendant's officers, directors, members, and employees; any entity in which Defendant has a controlling interest; the Court and its staff; and counsel of record in this action.

61. The Class is so numerous that joinder of all members is impracticable. Defendant sent commercial emails as part of mass email marketing campaigns to large numbers of recipients, including Maryland recipients.

62. There are questions of law and fact common to the Class, including whether Defendant sent or caused to be sent commercial electronic mail messages to Maryland residents; whether the subject lines of those messages contained false or misleading information; whether Defendant knew or should have known that the messages were sent to email addresses held by Maryland residents; whether Defendant's conduct violated Maryland law; and the amount of statutory damages available for each violative email.

63. Plaintiff's claims are typical of the claims of the Class because Plaintiff and Class members received Defendant's commercial email messages with false or misleading subject lines and were subjected to the same challenged email marketing practices.

64. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of the Class, and Plaintiff has retained counsel experienced in consumer protection, class actions, and complex litigation.

65. Common questions predominate over any questions affecting only individual Class members because the claims arise from standardized subject lines and email campaigns, Defendant's uniform marketing practices, and common legal questions under Maryland's Commercial Electronic Mail statute.

66. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The statutory damages for individual emails are too small to justify separate litigation by individual recipients, while Defendant's conduct affected numerous Maryland recipients in a common manner.

67. Class treatment will promote efficiency, consistency, and judicial economy because the legality of Defendant's standardized subject lines and email marketing practices can be determined in one proceeding.

## VI. CAUSE OF ACTION

### Count I
### Violation of Maryland Commercial Electronic Mail Statute
### Md. Code Ann., Com. Law §§ 14-3002(b)(2)(iii) and 14-3003
### On Behalf of Plaintiff and the Class

68. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

69. Defendant is a person within the meaning of Maryland's Commercial Electronic Mail statute.

70. The emails at issue were commercial electronic mail because they advertised goods or services for sale.

71. Defendant initiated, assisted in the transmission of, or conspired to initiate or assist in the transmission of commercial electronic mail to Plaintiff and Class members.

72. The emails at issue were sent to electronic mail addresses that Defendant knew or should have known were held by Maryland residents.

73. The emails at issue contained false or misleading information in the subject line that had the capacity, tendency, or effect of deceiving recipients.

74. Defendant's subject lines were false or misleading because they stated or implied that sales, discounts, or promotional offers were ending, expiring, in their final hours, ending that night, ending soon, almost over, or otherwise available only for a limited time, when the same or materially similar sales, discounts, or promotional offers were later extended, continued, reinstated, or materially replicated.

75. Defendant's conduct violated Md. Code Ann., Com. Law § 14-3002(b)(2)(iii).

76. Under Md. Code Ann., Com. Law § 14-3003, Defendant is liable to Plaintiff and Class members for reasonable attorneys' fees and for damages in an amount equal to the greater of $500 per violative email or actual damages.

77. Plaintiff and Class members are entitled to statutory damages, attorneys' fees, costs, and all other relief available under Maryland law.

## VII. CLAIM FOR ATTORNEYS' FEES AND RELATED EXPENSES

78. Plaintiff expressly seeks attorneys' fees, costs, and related expenses recoverable under Md. Code Ann., Com. Law § 14-3003.

## VIII. PRAYER FOR RELIEF

79. Pursuant to Maryland Rule 2-305, Plaintiff states that the amount sought in this action exceeds $75,000.

80. WHEREFORE, Plaintiff Eleanor Colmers Cowan, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and against Defendant and grant the following relief:

- Certify this action as a class action under Maryland Rule 2-231;
- Appoint Plaintiff as class representative;
- Appoint Plaintiff's counsel as class counsel;
- Declare that Defendant's conduct violated Md. Code Ann., Com. Law §§ 14-3002(b)(2)(iii) and 14-3003;
- Award Plaintiff and Class members statutory damages in the amount of $500 for each violative commercial electronic mail message, or actual damages if greater;
- Award reasonable attorneys' fees and costs;
- Award pre-judgment and post-judgment interest as allowed by law;
- Award such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

81. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Vaughn Stewart*
Vaughn Stewart (CPF No. 2305040018)
COULSON P.C.
300 River Place Dr., Ste. 1700
Detroit, MI 48207
Telephone: (313) 644-2685
Email: vstewart@coulsonpc.com

Counsel for Plaintiff and the Proposed Class

USPS CERTIFIED MAIL

Vaughn Stewart
300 RIVER PLACE DR STE 1700
DETROIT MI 48207-4457

$18.96 US POSTAGE
FIRST-CLASS IMI
Jul 06 2026
Mailed from ZIP 48207
4 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 5
11923275
063S0011718299
endicia.

USPS CERTIFIED MAIL

9436 0118 9876 5521 3039 13

RESTRICTED DELIVERY

SHARKNINJA OPERATING LLC D/B/A SHARKNINJA
C/O C T CORPORATION SYSTEM
155 FEDERAL ST STE 700
BOSTON MA 02110-1727

IN THE CIRCUIT COURT FOR Baltimore City (CC) (City/County)

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT CASE NUMBER ________ (Clerk to insert)

**CASE NAME:** Eleanor Colmers Cowan (Plaintiff) vs. SharkNinja Operating LLC (Defendant)

PARTY'S NAME: Eleanor Colmers Cowan PHONE: ________

PARTY'S ADDRESS: 2431 Eastern Avenue, Baltimore, MD 21224

PARTY'S E-MAIL: c/o counsel

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Vaughn Stewart PHONE: (313) 644 2685

PARTY'S ATTORNEY'S ADDRESS: 300 River Place Dr., Ste. 1700, Detroit, MI 48207

PARTY'S ATTORNEY'S E-MAIL: vstewart@coulsonpc.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known: ________

**ANTICIPATED LENGTH OF TRIAL?:** ______ hours 5 ______ days

## PLEADING TYPE

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal
**Existing Case:** ☐ Post-Judgment ☐ Amendment

***If filing in an existing case,*** skip Case Category/Subcategory section – go to Relief section.

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: ________
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance
☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☒ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☒ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated* ***Liability*** *above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☐ $30,000 - $100,000 ☒ Over $100,000

☐ Medical Bills $______ ☐ Wage Loss $ ______ ☐ Property Damages $ ______

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No
C. Settlement Conference ☒ Yes ☐ No
D. Neutral Evaluation ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated* ***LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less
☐ 1 day of trial time
☐ 2 days of trial time
☐ 3 days of trial time
☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of Defendant's response

☐ **Standard -** Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited -** Trial within 7 months of Defendant's response

☐ **Standard -** Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☒ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff ____________________. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

July 2, 2026
Date

/s/ Vaughn Stewart — 2305040018
Signature of Attorney/Party — Attorney Number

300 River Place Dr., Ste. 1700
Street Address

Vaughn Stewart
Printed Name

Detroit — MI — 48207
City — State — Zip Code

vstewart@coulsonpc.com
E-mail

E-SERVED Baltimore City Circuit Court 7/2/2026 3:30 PM System SystemEnvelope:27191198
E-FILED; Baltimore City Circuit Court
Docket: 7/2/2026 3:30 PM; Submission: 7/2/2026 3:30 PM
Envelope: 27191198

**CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**
CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202
Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** SHARKNINJA OPERATING LLC D/B/A SHARKNINJA AND SHARK BEAUTY
C/O C T CORPORATION SYSTEM
155 FEDERAL STREET, SUITE 700
BOSTON, MA 02110

**Case Number:** **C-24-CV-26-004626**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**ELEANOR COWAN VS. SHARKNINJA OPERATING LLC D/B/A SHARKNINJA AND SHARK BEAUTY**

Issue Date: 07/02/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

ELEANOR COLMERS COWAN
2431 Eastern Avenue
Baltimore MD 21224

This summons is effective for service only if served within 60 days after the date it is issued.

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## SHERIFF'S RETURN
**(please print)**

To: SHARKNINJA OPERATING LLC D/B/A SHARKNINJA AND SHARK BEAUTY

______________________ ID# ______________ of the ______________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ______________________________
Name of person served

on ______________________ at ______________________
Date of service / Location of service

______________________ by ______________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other ______________________ Please specify
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other ______________________ Please specify

Sheriff fee: $ ☐ waived by

______________ ______________________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).