**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ELEANOR COLMERS COWAN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-26-3092** |
| **SHARKNINJA OPERATING LLC,** | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Eleanor Colmers Cowan filed this putative class action in the Circuit Court for Baltimore City, alleging a violation of the Maryland Commercial Electronic Mail Act ("MCEMA"), and Defendant SharkNinja Operating LLC removed the case to this Court. (ECF Nos. 1, 2.) Now pending are Plaintiff's Motion to Remand (ECF No. 6), in which she argues that she lacks Article III standing, and Defendant's Motion to Dismiss (ECF No. 8). Because the Court is without jurisdiction, the Motion to Remand will be granted.

## *I. Factual Background*

Plaintiff alleges that Defendant "markets its products by sending promotional emails to consumers" and that the emails often announce sales and promotions. (ECF No. 2 ¶¶ 2–3.) Plaintiff alleges that "[s]everal of Defendant's subject lines were false and misleading because they represented that sales were . . . time-limited, when the same or materially similar sales were later extended, continued, reinstated, or materially replicated after the stated deadline." (*Id.* ¶ 4.) For example, Plaintiff received an email on December 8, 2025, with the subject line "ENDS TONIGHT: Up to 20% off + email-exclusive deals." (*Id.* ¶ 32.) She received another email that day with the subject line: "Ending soon: Your email-exclusive deals." (*Id.*) The next day, she

received emails with the following subject lines: "EXTENDED! Up to 20% off hair stylers" and "EXTENDED! Up to 20% off is still on." (*Id.* ¶ 33.)

Plaintiff alleges that this "[f]alse urgency is material to consumers" because "[r]ecipients who believe a sale is about to end are more likely to open the email, visit the seller's website, purchase immediately, and forego waiting, comparison shopping, or ignoring the promotional message." (*Id.* ¶ 6.) She explains that "[r]easonable recipients of these emails would believe that, if they did not act before the advertised deadline, the promotion would end and they would lose the opportunity to receive the advertised discount or offer." (*Id.* ¶ 38.)

Plaintiff alleges that she received emails with deceptive subject lines. (*Id.* ¶¶ 31–43.) She alleges that she purchased one of Defendant's products (*id.* ¶ 54), but she does not allege that any of the emails induced her to make any purchases. Rather, she alleges that subject lines "contained false or misleading information with the capacity, tendency, or effect of deceiving recipients." (*Id.* ¶ 56.) Plaintiff also brings this action on behalf of others who received similarly allegedly deceptive emails. (*Id.* ¶ 59.) Plaintiff brings one claim pursuant to the MCEMA. (*Id.* ¶¶ 68–77.)

***II. Analysis***

The Court will grant the Motion to Remand, as Plaintiff does not allege a concrete harm and, thus, does not have Article III standing.

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation and internal quotation marks omitted). "[A] plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

With respect to the concreteness requirement, "[t]he most obvious are traditional tangible harms, such as physical harms and monetary harms." *Id.* at 425. "Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* The existence of a statutory cause of action does not confer standing; rather "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original). "[P]laintiffs proceeding under a statutory cause of action can establish a cognizable injury by 'identif[ying] a close historical or common-law analogue for their asserted injury' for which courts have 'traditionally' provided a remedy." *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921 (4th Cir. 2022) (*quoting TransUnion*, 594 U.S. at 424).

Defendant points out that the MCEMA prohibits emails with subject lines that have the capacity, tendency, or effect of deceiving the recipient. (ECF No. 13 at 1–2.) Defendant concedes that Plaintiff has not alleged any emails that had the *effect* of deceiving her, but argues that:

> The question here is whether "the recipient" suffers a concrete injury if she receives an email that has the "capacity" or "tendency" to deceive her. The answer is yes. False or misleading information with a capacity or tendency to deceive a specific person would confuse that person: it would make it more difficult for them to discern truthful information from false information . . . . Receiving an email with a false subject line may also cause distress, at least enough to motivate the recipient to seek out and retain a lawyer and file a lawsuit, as Plaintiff has done here. The common law has long recognized that distress is a concrete injury.

(*Id.* at 2.)[1]

This argument fails. Plaintiff has not alleged that she was confused or distressed (or that any class members were confused or distressed). (*See generally* ECF No. 2.) Plaintiff does not

[1] Defendant appears to acknowledge Plaintiff's lack of standing in its Motion to Dismiss. (*See* ECF No. 8.) There, Defendant argues that Plaintiff "strategically refused to plead that she suffered any concrete injury as a result of these emails" and that she did not "allege that she received an email that could or did deceive her personally." (*Id.* at 1.)

even allege that she read the emails. (*Id.*) As Plaintiff puts it: "that injury is Defendant's invention, not Plaintiff's allegation." (*See* ECF No. 14.) In an attempt to circumvent this deficiency in the Complaint, Defendant argues that "[w]hile Plaintiff does not specifically allege that she was confused, she does allege she is typical of other class members (Dkt. 1-1, ¶ 63), and she alleges that 'reasonable recipients' (presumably like her) would be at least confused by the subject lines. *Id.* ¶ 32." (ECF No. 13 at 4.) However, Plaintiff does not allege that reasonable recipients would be confused; the word "confused" does not appear in the Complaint, and the paragraph in the Complaint to which Defendant cites does not allege confusion, but rather alleges that "[r]easonable recipients would understand those subject lines to mean that the advertised up-to-20%-off promotion and email-exclusive deals were ending that day or ending soon." (ECF No. 2 ¶ 32.) Defendant also argues that Plaintiff cannot "plausibly deny she was distressed; she specifically alleges that she was moved to retain counsel and bring this lawsuit." (ECF No. 13 at 4.) However, this argument asks the Court to infer facts that are not in the Complaint. The Court cannot infer that Plaintiff is distressed simply because she hired an attorney and filed a lawsuit.

Defendant also argues that "the MCEMA contemplates concrete injuries imposed by certain categories of email and then authorized damages for those injuries. To the extent that Plaintiff alleges that she received an email that violated the MCEMA, she is alleging that she has suffered a concrete injury that confers standing on her." (ECF No. 13 at 3.) In essence, Defendant argues that, because Plaintiff has alleged that she received emails in violation of MCEMA, she has necessarily alleged a concrete injury. However, it is not enough to allege a statutory violation to establish Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."); *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921 (4th Cir. 2022) ("[P]laintiffs cannot establish a cognizable injury simply by pleading a statutory violation.").

In short, Plaintiff "does not assert an injury, nor does she allege any facts to support a finding that she incurred an injury from her receipt of the challenged emails." *Asabre v. Retail Servs. & Sys., Inc.*, Civ. No. PWG-22-148, 2022 WL 4326536. This conclusion is in line with many other nearly identical cases relating to the MCEMA. *See, e.g.*, *Mulanena v. Ulta Salon, Cosms. & Fragrance, Inc.*, Civ. No. 25-03753-JRR, 2026 WL 1214932 (D. Md. May 4, 2026); *Crooks v. Coty DTC Holdings, LLC*, Civ. No. RDB-26-0078, 2026 WL 1265422 (D. Md. May 8, 2026); *Smith v. Lane Bryant Brands Opco LLC*, Civ. No. SAG-25-03766, 2026 WL 1745684, at *2 (D. Md. June 17, 2026).[2]

Because Plaintiff has not asserted a concrete injury, she lacks Article III standing, and the Court is without jurisdiction. This case will be remanded to the Circuit Court for Baltimore City.

### *III. Conclusion*

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 6) is GRANTED;[3]
2. This case is REMANDED to the Circuit Court for Baltimore City; and
3. The Clerk is DIRECTED to CLOSE this case.

DATED this 6 day of October, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

[2] Defendant argues that these decisions all "misread the MCEMA" because the statute "awards damages for emails in three prohibited categories, each of which inflicts a cognizable injury." (ECF No. 13 at 5.) As already discussed, it simply does not matter what the statute authorizes where a plaintiff has not alleged a concrete injury. *See Spokeo*, 578 U.S. at 341; *Garey,* 35 F.4th at 921.

[3] Because the Court does not have jurisdiction over this case, it cannot reach the merits of Plaintiff's claims and does not rule on the Motion to Dismiss.